IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SOLON PHILLIPS,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSION ON CHARACTER &<br>FITNESS, and ANNIE GOODWIN,<br><br>Defendants. | CV 20-41-M-DLC-KLD<br><br><br>ORDER and FINDINGS &<br>RECOMMENDATION |

This matter comes before the Court on Plaintiff Solon Phillips' Motion for

Entry of Default Judgment against Defendants Commission on Character & Fitness

and Annie Goodwin. For the reasons outlined below, Phillips' motion should be

denied.

## I.    Background

On March 23, 2020, Phillips, who is proceeding pro se, filed a Complaint for

Declaratory Judgment against the above-named Defendants. (Doc. 1). Phillips

paid the $400 filing fee and the Court issued an order scheduling the preliminary

pretrial conference for June 23, 2020. (Doc. 3). On April 8, 2020, Phillips filed a Certificate of Service, stating that on March 27, 2020 a copy of the Complaint and the preliminary pretrial conference order "was served and delivered to Defendants' attorney on record, Mike Fanning, and to Defendants via email and certified mail." (Doc. 9).

On May 26, 2020, Phillips filed the pending motion for default judgment. (Doc. 10). Plaintiff is apparently scheduled to appear for a hearing with the Commission on Character and Fitness, and asks the Court "to declare that such a hearing is unconstitutional." (Doc. 10 at 1).

## II.     Discussion

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The rule outlines a two-step process for obtaining a default judgment, consisting of: (1) the clerk's entry of default under Rule 55(a), and (2) a motion for default judgment under Rule 55(b). See *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). Under this two-step process, an entry of default by the clerk under Rule 55(a) is a necessary prerequisite to an entry of default judgment under Rule 55(b).

Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plea or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, the

docket reflects that the clerk has not entered a Rule 55(a) default against either Defendant. Because Phillips has not obtained an entry of default, his motion for a Rule 55(b) default judgment is premature and should be denied.

In light of Phillips' pro se status, the Court liberally construes his motion for default judgment as motion for entry of default under Rule 55(a). But even so construed, Phillips' motion fails. "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Taylor v. U.S. Office of Personnel Management*, 2014 WL 5390228, at *3 (D. Haw. Oct. 22, 2014) (quoting *Stephenson v. Lappin*, 2007 WL 1113550, at *2 (E.D. Cal. Apr. 13, 2007)). Thus, although Rule 55(a) uses mandatory language, the clerk is not required to enter default unless the party against whom default is sought has been properly served.

Here, the record reflects that Phillips has not properly served either Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Commission on Character and Fitness is an arm of the Montana Supreme Court, which " possesses original and exclusive jurisdiction and responsibility under Article VII, Section 2(3) of the 1972 Montana Constitution and the provisions of Chapter 61, Title 37, Montana Code Annotated, in addition to its inherent jurisdiction, in all matters involving admission of persons to practice law in the State of Montana.'" *Matter of McCann*, 421 P.3d 265, 268 (Mont. 2018) (quoting

*In re Potts*, 158 P.3d 418, 424 (Mont. 2007). The Commission on Character and Fitness is appointed by the Montana Supreme Court, and is responsible for processing each application for admission to the State Bar of Montana and making a determination of the character and fitness of each applicant. Montana Rules of Court, MT R Admission to the Bar § 2.

The requirements for accomplishing service of process on "[a] state, a municipal corporation, or any other state-created governmental organization" like the Commission on Character and Fitness are set forth in Federal Rule of Civil Procedure 4(j)(2). Rule 4(j)(2) provides that such a state-created governmental organization "must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Rule 4(e) sets for the requirements for serving an individual within a judicial district of the United States, and similarly requires service of a summons along with the complaint by one of the methods described in the rule.

Under all methods of service described in Rule 4, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(2). The docket in this case reflects that no summonses have been issued. Service of the complaint alone is insufficient to effect service of process under Rule 4. Although pro se litigants like Phillips are held to less stringent standards than lawyers, pro se litigants are

still required to follow the same rules of procedure that govern other litigants. See

e.g. *Ghazali v. Moran*, 46 F.3d5 2, 54 (9th Cir. 1995). Because Phillips has not

accomplished service of process on the Defendants in compliance with the Rule 4

of the Federal Rules of Civil Procedure, his constructive motion for entry of

default under Rule 55(a) is properly denied.

## III.    Conclusion

For the reasons set forth above,

IT IS ORDERED that the June 23, 2020 preliminary pretrial conference and

related deadlines are hereby VACATED and will be rescheduled at a later date if

necessary.

IT IS FURTHER ORDERED Plaintiff shall have up to and including July 5,

2020 within which to complete service on Defendants Commission on Character

and Fitness and Anne Goodwin, in accordance with Rule 4 of the Federal Rules of

Civil Procedure. Plaintiff is cautioned that if he fails to effect service by July 5,

2020, he will be required to show good cause for failing to serve Defendants within

90 days of filing the Complaint or his action may be dismissed without prejudice

under Federal Rule of Civil Procedure 4(m).

IT IS RECOMMENDED that Phillips' motion for default judgment under

Rule 55(b) and his constructive motion for entry of default under Rule 55(a) be

DENIED. Plaintiff is advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendations must be filed with the Clerk of Court within

fourteen (14) days after entry hereof, or objection is waived.

DATED this 9th day of June, 2020.

Kathleen L. DeSoto
United States Magistrate Judge